UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | : | |
|---|---|---|
| Brian Lanouette, | : | Civil Action No.: 1:14-cv-00179-LM |
| Plaintiff, | : | |
| vs. | : | **PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS** |
| Kay Jewelers a/k/a Sterling Inc., | : | |
| Defendant. | : | |
| | : | |

NOW COMES, Plaintiff, Brian Lanouette, through his attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(1) hereby moves to dismiss the counterclaims of Defendant, Kay Jewelers a/k/a Sterling Inc., as this Court lacks of subject-matter jurisdiction over Defendant's permissive counterclaims. In support thereof, Plaintiff hereby states as follows:

I.   **BACKGROUND**

On April 24, 2014, Plaintiff filed a one-count Complaint against Defendant. *See* Complaint, Document No. 1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. *Id*. On June 30, 2014, Defendant filed an Answer to Plaintiff's Complaint. *See* Answer, Document No. 10. In its Answer, Defendant filed three common-law counterclaims for account stated, breach of contract, and unjust enrichment. *Id.* Now, Plaintiff moves to dismiss each of these three counterclaims for lack of subject-matter jurisdiction, as Defendant's counterclaims are permissive, not compulsory.

Furthermore, allowing Defendant to proceed on its counterclaims would dissuade TCPA plaintiffs from asserting their rights, thereby violating the public purpose of the TCPA.

## II. AS DEFENDANT'S COUNTERCLAIMS ARE *PERMISSIVE* AND *NOT COMPULSORY,* THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COUNTERCLAIM.

Plaintiff denies that this Court has supplemental jurisdiction over Defendant's counterclaims. Defendant's counterclaims should be treated as permissive counterclaims as there is not a "sufficient factual relationship" between the underlying claim and counterclaim "to constitute the same 'case' within the meaning of Article III and hence of section 1367." *Jones v. Ford Motor Company*, 358 F.3d 205, 214 (2nd Cir. 2004).

Pursuant to Federal Rule of Civil Procedure 13(a)(1)(A), a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In determining what constitutes a compulsory counterclaim, this Court must apply the "sufficient factual relationship" test of Federal Rule of Civil Procedure 13(a). *See Jones*, 358 F.3d at 214. This standard used by the Second Circuit is substantially the same as the "logical relationship" test as used by the Ninth and First Circuits. *See In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992) *citing Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th Cir.1987). Per the court in *In re Pinkstaff:*

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*In re Pinkstaff*, 974 F.2d at 115, *see also Commerce Ins. Co. v Commerce Bancorp, Inc.*, 2007 WL 7309742 at *2 (D. Mass. June 1, 2007) (same).

This test analyzes "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *See Hart v. Clayton-Parker and Associates, Inc.*, 869 F. Supp. 774, 776 (D. Ariz. 1994) *quoting Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th Cir.1987). Thus, this Court should consider whether the facts necessary to prove Plaintiff's TCPA claim and Defendant's collection action counterclaims substantially overlap. *Hart*, 869 F. Supp at 776. Per the analysis below, Defendant's counterclaims in no way overlap with the claims raised by Plaintiff. Ergo, this Court must consider Defendant's counterclaims to be permissive and must dismiss the counterclaims.

> **A.    The facts necessary to prove Plaintiff's TCPA claim do not substantially overlap with the facts alleged in Defendant's counterclaims. Thus, Defendant's Counterclaim must be considered *permissive*.**

The TCPA action brought by Plaintiff involves Defendant's alleged illegal activities in placing automated collection calls to Plaintiff's cellular telephone. "[T]o prove that a defendant violated the TCPA in a case involving a cell phone, a plaintiff must establish that (1) the defendant called his or her cell phone, and (2) the defendant did so using an ATDS or an artificial or prerecorded voice." *Levy v. Receivables Performance Mgmt., LLC*, 2013 WL 5310166 (E.D.N.Y. Sept. 23, 2013). To this end, Plaintiff has alleged that Defendant violated the TDCPA by placing several automated collection calls per day over an approximate five-week period to Plaintiff seeking and demanding payment for an alleged debt, despite Plaintiff requesting that Defendant cease placing such calls. *See* Plaintiff's Complaint, Doc. 1 at ¶¶ 8-17.

While there is no question that an underlying debt was the reason Defendant placed the calls, the underlying debt and the amount of the same is immaterial to Plaintiff's claims under the TCPA. For purposes of proving his claims, the amount and character of Plaintiff's debt does

not in any way impact Plaintiff's ability to recover under the TCPA, as the TCPA was not enacted to regulate debt collection.  Rather, "[t]he TCPA was enacted to 'protect the ***privacy interests*** of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers.'"  *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 975 F. Supp. 329, 330 (S.D.N.Y. 1997)(quoting *International Science & Technology Inst., Inc. v. Inacom*, 106 F.3d 1146, 1150 (4th Cir.1997) (emphasis added).  As such, the TCPA does not apply solely to automated debt collection calls, but applies equally to other unsolicited, automated communications as well.

In contrast, Defendant's proposed common law counterclaims for breach of contract rest solely on the interpretation of Defendant's contract with Plaintiff, the amounts paid under the contract, and the amounts owed under the contract.  Other than the incidental fact that the debt Defendant seeks to collect through its repeated calls involves the same debt for which Defendant is suing Plaintiff, there are no other common facts.  Per the "logical relationship test" of the First Circuit, it cannot be said that "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *See In re Pinkstaff,*  974 F.2d at 115.  In fact, the essential facts of Plaintiff and Defendant's respective claims have nothing to do with each other.  Accordingly, this Court must view Defendant's counterclaims as permissive, and dismiss Defendant's counterclaims.

> B.   **This Court does not have subject matter jurisdiction over Defendant's permissive counterclaims as the counterclaims do not have their own independent basis for federal court jurisdiction.**

Once this Court determines Defendant's counterclaims to be *permissive* rather than *compulsory*, this Court may not exercise supplemental jurisdiction over the counterclaim. More particularly, courts throughout the nation recognize that "[f]ederal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F.Supp. 774, 776 (D. Ariz. 1994) *citing Unique Concepts, Inc. v. Manuel,* 930 F.2d 573, 574 (7th Cir.1991); Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1422 (1989) (noting that while federal courts have jurisdiction over counterclaims, permissive counterclaims must be supported by independent grounds for federal jurisdiction). As not even Defendant can suggest that its common law collection action asserted within its proposed Counterclaim has an independent basis for Federal jurisdiction, this Court should dismiss Defendant's counterclaims for lack of subject matter jurisdiction.

### III.   PUBLIC POLICY REQUIRES THE COURT TO REFUSE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PROPOSED COUNTERCLAIM.

The only reason that Defendant would seek to join Plaintiff's statutory claims is the realization that it might lose under the TCPA and that it could do damage control by offsetting Plaintiff's statutory claims. This motivation runs afoul of the statutory intent of the TCPA to protect the privacy interests of telephone subscribers. Defendant should not be able to utilize its wholly unrelated collection claims against Plaintiff as a means of mitigating its damages in the pending TCPA action.

If the Court does determine that there exists even a loose factual connection between the claims, it is still within the district court's discretion as to whether or not to exercise

supplemental jurisdiction.  The Supreme Court of the United States held, "Our decisions have established that pendent jurisdiction 'is a doctrine of discretion, not of [Defendant's] right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966).

In *Nichols v Niagara Recovery, Inc.*, 2013 WL 189947 (W.D.N.Y. 2008), the Northern District Court of New York examined the very issue before this Court.  In *Nichols*, the Plaintiff alleged that the Defendant debt collector placed excessive calls in violation of the TCPA and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Defendant responded with a collection action counterclaim.  *Id.*  The *Nichols* court declined to extend jurisdiction over a collection action counterclaim.  *Id* at *8.  First, the *Nichols* court stated that Defendant's collection action counterclaim would predominate over the Plaintiff's TCPA and FDCPA claims, as "the evidence required to prove the breach of contract claim is entirely separate from that related to Plaintiffs' FDCPA claims[;]" therefore, "[e]ntertaining [Defendant] NCR's breach of contract claim would thus result in a 'mini trial regarding the plaintiff's actual liability on the debt that the defendant was attempting to collect,' unnecessarily allowing the breach of contract claim to predominate over Plaintiffs' FDCPA claims."  *Nichols*, 2013 WL 189947 at *8 (citing *McCartney v. First City Bank*, 970 F.2d 45, 46 (5th Cir.1992)).

The *Nichols* court also pointed to the public policy interest in declining to hear the Defendant's counterclaim.  Quoting to *Leatherwood v. Universal Business Service, Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987), a similar case in the Western District Court of New York, the *Nichols* court held:

6

> **[T]o allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this**…Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which a FDCPA Plaintiff states a cause of action.

*Nichols*, 2013 WL 189947 at *8 (citing *Leatherwood*, 115 F.R.D. at 50).

Although the Plaintiff's claim in *Nichols* involved both the TCPA and FDCPA, the *Nichols* court's reasoning can be equally applied to the case at bar. Defendant's counterclaims would undoubtedly predominate over Plaintiff's TCPA claim, as the evidence required to prove the claims are wholly distinct. Furthermore, allowing Defendant to litigate its collection action in Federal court would run contrary to the TCPA's public policy of protecting the privacy interests of telephone subscribers, and would dissuade Plaintiffs who owe an alleged debt from seeking to enforce their privacy rights. Accordingly, even if this Court determines that the analysis regarding jurisdiction does not end with the "substantial factual relationship" test or the "logical relationship" test and concludes that Defendant's counterclaim has sufficient nexus to the Plaintiff's claim under the TCPA, compelling reasons exist to decline jurisdiction.

## IV.  CONCLUSION.

This Honorable Court should dismiss Defendant's counterclaims for lack of subject matter jurisdiction. As detailed *infra*, Defendant's counterclaims should be regarded as permissive only and not compulsory. Where a permissive counterclaim does not have its own independent basis for federal court jurisdiction, this Court may not exercise supplemental

7

jurisdiction over the Counterclaim. For the reasons stated herein, Defendant's counterclaims should be dismissed.

WHEREFORE, Plaintiff, Brian Lanouette, respectfully requests this Honorable Court issue an order dismissing the counterclaims of Defendant, Kay Jewelers a/k/a Sterling Inc. for account stated, breach of contract, and unjust enrichment for lack of subject matter jurisdiction.

DATED: July 18, 2014                    Respectfully submitted,


By: /s/Rosanna T. Fox
    Rosanna T. Fox, NH Bar ID 17693
    12 Eldorado Circle
    Nashua, NH 03062
    Tel: (603) 318-8479
    Fax: 1-800-853-6404
    rosanna@nationallegalsystems.com
    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, a copy of the forgoing Plaintiff's Motion to Dismiss was filed with the Court's CM/ECF system, which provided notice of said filing to the following:

Jonathan M. Shirley, Esq. (Bar No. 16494)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
jshirley@devinemillimet.com

/s/ Rosanna T. Fox
    Rosanna T. Fox,